## H. M. De Cordova v. G. S. Hoss.

### No. 8283.

1. PURCHASE-MONEY NOTE—*Indorsement—Defenses.* A promissory note, given for part of the purchase-price of a tract of land, had an indorsement thereon, made at the time of the execution, that the note should "be liable for the payment of all lawful claims against the land this day conveyed, and for the payment of which this note is given." The indorsement contained a particular description of the land, and was signed by the payee and her husband. In an action upon the note, the defendant answered and alleged, as a ground of defense, that when the note was executed there existed a lawful claim against the land for the sum of $2,500, the indebtedness being secured by a trust deed, and that the indebtedness was still unpaid and the trust deed in full force. *Held,* That the averments of the answer constituted a ground of defense.

2. DEMURRER, *Rightly Sustained.* The averments set forth in other defenses examined, and *held* to be insufficient, and that the demurrer thereto was rightly sustained.

*Error from Finney District Court.*

THE nature of the action and the material facts are stated in the opinion, filed April 11, 1896.

*H. F. Mason,* for plaintiff in error.

*M. A. Calhoun,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : This action was brought by Vernealia Pell against H. M. De Cordova to recover upon two promissory notes executed by De Cordova in favor of Pell on March 15, 1887, each for the sum of $1,000, bearing interest from date at the rate of 7 per cent. per annum. The notes were in the usual form, except that on the back of each was the following indorsement :

" SCHELL CITY, Mo., March 15, 1887.

" It is agreed by and between all the parties to this contract that the within note shall be liable for the

payment of all lawful claims against the land this day conveyed, and for the payment of which this note is given, being for part payment for [description of the land].                     VERNEALIA PELL.
                                        R. S. PELL."

Default being made in the payment of the notes, this action was brought, and in his answer De Cordova set up four defenses, each of which the court, upon demurrer, held to be insufficient. De Cordova elected to stand upon his answer, and judgment was rendered against him for $2,383.22. The judgment was afterward assigned to G. S. Hoss, the present defendant in error.

The first defense alleged the sale by Pell to De Cordova of a tract of land in Vernon county, Missouri, and that the notes in suit were for a part of the purchase price of the land. It was averred that at the time of the execution of the notes, and as a part of the same transaction, the Pells signed the stipulation on the back of the notes, and further, that there then existed a lawful claim against the property sold, for the sum of $2,500, due in five years from April 1, 1887, with interest at the rate of 10 per cent. per annum from that date, secured by a trust deed to a certain trustee, and that the note and indebtedness were still unpaid, and the trust deed still in full force. According to the averments of the answer, the execution of the notes, with the indorsements thereon, was a single transaction, and together they constituted the contract of the parties. The statement that the note shall "be liable for the payment of all lawful claims against the land," although awkward, manifestly means that the notes were taken subject to any lawful claims that might exist against the land, and that the payment so promised was chargeable with any

valid lien or incumbrance which existed against the land when the contract was made. The averments respecting an existing incumbrance, although not as full as they might have been, are certainly sufficient to withstand a demurrer, and the court committed error in holding that the first defense was insufficient.

The rulings upon the second, third and fourth defenses were correctly made, and will require but little attention. In the second it was alleged that a certain building that was standing upon the land was insured for a certain unknown sum of money, that it was subsequently destroyed by fire, and that Pell received insurance to the amount of $700. It is not stated when the building was burned, nor who the beneficiary of the insurance contract was ; nor is there anything alleging that De Cordova was entitled to the insurance. The third defense was that Pell had taken possession of the land over a year prior to the commencement of the action, and had enjoyed the use of the same for an unknown time, and that the rental value was $500. No facts are stated showing that the relation of landlord and tenant existed between the plaintiff and the defendant, nor that the plaintiff was entitled to the possession or rental value of the land. In the fourth defense it is stated that the defendant had given a trust deed to secure the notes in question, and that a sale of the land had been made under the trust deed to the plaintiff for the sum of $400, when it was worth at least $4,000. It is alleged that the sale was made without the giving of any notice, as required by the laws of Missouri and the terms of the trust deed, and that it was done to enable plaintiff to get the title to the land for a nominal consideration, and to hold the original indebtedness against the defendant. If the

sale was made, as defendant avers, without notice, and contrary to the laws of Missouri, it was absolutely void, and therefore the plaintiff suffered no loss or injury.

The rulings of the court upon the last three grounds of defense are sustained, but, for the error committed in holding the first defense to be insufficient, the judgment will be reversed, and the cause remanded for a new trial.

All the Justices concurring.